NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY COLTON BAKER, *Appellant.*

No. 1 CA-CR 17-0313
FILED 12-5-2017

Appeal from the Superior Court in Yavapai County
No. P1300CR201600847
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Nicole Farnum, Phoenix
*Counsel for Appellant*

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

**T H U M M A**, Chief Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for appellant Anthony Colton Baker has advised the court that, after searching the entire record, she has found no arguable question of law, and asks this court to conduct an *Anders* review of the record. Baker was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Baker's convictions and resulting sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        In June 2016, a police officer saw Baker driving erratically and initiated a traffic stop. After routine questioning, the officer asked Baker and his passenger where they were going. The officer became suspicious because both Baker and passenger told him they did not know where they were going. The officer asked Baker to exit the truck and then again asked Baker again where he was going, at which point Baker said "I think you know where we're going." Baker then said they were "going to Lacey's house;" the officer had prior knowledge about Lacey being connected to drug-related issues. After another officer arrived, Baker consented to the search of his truck and the officers found a bag of what appeared to be a large amount of methamphetamine and a digital scale. When questioned, Baker said "he was given a bag of methamphetamine to sell."

¶3        Baker was arrested and charged by indictment with: (1) possession of dangerous drugs (methamphetamine) for sale, a Class 2 felony and (2) possession of drug paraphernalia, a Class 6 felony. During a three-day trial, the State offered testimony from the arresting officers as well as a criminalist who analyzed the substance found in the bag in Baker's truck, opining it was 7.18 grams of methamphetamine.

¶4        After the State rested, Baker elected to testify, stating the methamphetamine was for his personal use, not for sale. Baker also testified the digital scale was to make sure he was getting the amount of the drug he was paying for, not for use in selling the drug. On cross-examination, Baker admitted to having a "problem" with methamphetamine and did not

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997) (citation omitted).

dispute the amount of drug found in the vehicle or the presence of the scale in his truck. Baker denied saying he was given the methamphetamine to sell. One of the officers, however, had testified Baker told him that a friend of his gave him a bag of "methamphetamine to sell" and the quantity of the drug was consistent with possession for sale.

¶5        After the jury was instructed on the law and heard closing arguments, they deliberated and unanimously found Baker guilty as charged. Neither party chose to individually poll the jury and the jury collectively confirmed these were the true verdicts.

¶6        Before sentencing, the superior court received a pre-sentence report. At sentencing, Baker was given an opportunity to speak and the court stated on the record the evidence and materials it considered and the factors it found in imposing sentence. The court found no aggravating factors and a mitigating factor of no prior felony convictions. The court sentenced Baker to concurrent prison terms of five years for the possession of dangerous drugs for sale conviction, and one year for the paraphernalia conviction, appropriately awarding him 37 days presentence incarceration credit.

¶7        This court has jurisdiction over Baker's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) section 12-120.21(A)(1), 13-4031 and 13-4033(A).[2]

## DISCUSSION

¶8        This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Searching the record and brief reveals no reversible error. The record shows Baker was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record provided also shows there was substantial evidence supporting Baker's convictions and sentences. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the consequences imposed were within the statutory limits and permissible range.

## CONCLUSION

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶9        This court has read and considered counsel's brief, and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Baker's convictions and resulting sentences are affirmed.

¶10      Upon filing of this decision, defense counsel is directed to inform Baker of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Baker shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA